IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DOROTHY FARRELL,<br><br>Plaintiff,<br><br>v.<br><br>REVSOLVE, INC.<br><br>Defendant. | CASE NO. 1:21-cv-02169 |

## COMPLAINT

**NOW COMES** DOROTHY FARRELL ("Plaintiff"), by and through her undersigned counsel complaining as to the conduct of Defendant, REVSOLVE, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4. Dorothy Farrell is a natural person, over 18 years-of-age, who at all times relevant was domiciled in this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. RevSolve, Inc. is a corporation organized under the laws of the State of Arizona.

1

7. Defendant maintains its principal place of business at 1395 North Hayden Road Scottsdale, Arizona 85257.

8. Defendant specializes in customized revenue solutions for modern healthcare providers collects debts on behalf of others nationwide.

9. Defendant is a "debt collector" as defined by 15 U.S. C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another, and (3) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

10. Between September 2018 and July 2020, Plaintiff received medical services at St Mary's Hospital resulting in charges ("subject debt").

11. In or around January 2021, Plaintiff received a collection call from Defendant to her cellular phone (719) XXX- 9470.

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number (719) XXX-9470.

13. At all times relevant, Plaintiff's number ending in 9470 was assigned to a cellular telephone service.

14. In this call, Defendant requested Plaintiff to verify her personal identifying information.

15. Plaintiff then asked Defendant who they were and Defendant would not disclose their information.

16. Plaintiff then notified Defendant that since it cannot disclose its information and if it is a debt collector: "I need you stop calling this phone number."

17. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone number.

18. Upon answering phone calls from Defendant, Plaintiff was greeted by a pre-recorded message instructing Plaintiff to hold for the next available representative, followed by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

19. Upon answering the calls from Defendant, the message states: "This message is for Dorothy Lee Farrell, if we have reached the wrong number please call 1-888-842-9787."

20. Similarly related pre-recorded messages were sent to the Plaintiff's phone number stating the above message and if you are Dorothy Lee Farrell continues to listen to this message. "Hi, I am from RevSolve and this is an attempt to collect a debt by a debt collector. Press zero to speak to one of our representatives now."

21. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an pre-recorded dialing system, which is a telephone dialing system commonly used in the debt collection industry to collect defaulted debts.

22. Defendant has used the phone number (888) 842-9487 to call Plaintiff's cellular phone, but upon information and belief, Defendant uses multiple other phone numbers to contact Plaintiff.

## DAMAGES

23. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish,

3

anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

26. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

29. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

30. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

31. The debt which Defendant is attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

33. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

34. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(2), d(5), e, and e(10) through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692c**

35. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt.

36. Furthermore, the high volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

   b. **Violations of FDCPA § 1692d**

37. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment on the subject debt. Moreover, Defendant continued placing the relentless pre-recorded calls after Plaintiff put Defendant on notice that its calls were not welcome.

38. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from early 2020 through the present day, using pre-recorded technology without her prior consent.

### c. Violation of FDCPA § 1692e

39. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt from Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force her to answer its calls and ultimately make a payment.

40. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing pre-recorded phone calls to the phones of consumers.

41. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

42. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff Dorothy Farrell respectfully requests that this Honorable Court:
  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
  c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
  d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Defendant placed or caused to be placed numerous non-emergency calls, from early 2020 through the present day, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's prior consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

45. As pled above, Defendant used an artificial or pre-recorded voice that automatically played upon Plaintiff answering Defendant's phone calls or the call reaching Plaintiff's voicemail.

46. As discussed above, based on Defendant's pre-recorded messages and lack of prompt human response during the phone call in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

47. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

48. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

49. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

50. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

51. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

52. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from December 2020 to present day, using pre-recorded voice technology without her prior consent.

53. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

54. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

7

55. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff Dorothy Farrell respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 10, 2021                                                                 Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
mdaher@sulaimanlaw.com